ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of - | ) | |
| | ) | |
| Heffler Contracting Group | ) | ASBCA No. 63565 |
| | ) | |
| Under Contract No. N62473-19-D-2417 | ) | |

APPEARANCE FOR THE APPELLANT:      Kelly A. Floyd, Esq.
                                    Finch, Thornton & Baird, LLP
                                    San Diego, CA

APPEARANCES FOR THE GOVERNMENT:      Craig D. Jensen, Esq.
                                      Navy Chief Trial Attorney
                                      Katherine E. Arutunian, Esq.
                                      Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE MELNICK
ON THE GOVERNMENT'S MOTION TO DISMISS FOR
LACK OF JURISDICTION

Heffler Contracting Group's (Heffler) March 23, 2023, notice of appeal challenges the Department of the Navy's (government) January 13, 2023, final decision terminating a task order under the contract identified above for default (R4, tab 30). The government seeks to dismiss the appeal for lack of jurisdiction, suggesting Heffler advanced excusable delay in its complaint as a defense to the default without submitting a time extension claim to the contracting officer for a decision. The government relies upon precedent dictating that contractors must submit an extension claim to raise excusable delay as a defense. *See M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1331 (Fed. Cir. 2010) ("[A] contractor seeking an adjustment of contract terms must meet the jurisdictional requirements and procedural prerequisites of the [Contract Disputes Act], whether asserting the claim against the government as an affirmative claim or as a defense to a government action"); *Securiforce Int'l Am., LLC v. United States*, 879 F.3d 1354, 1363 (Fed. Cir. 2018) ("[T]o the extent the affirmative defense seeks a change in the terms of the contract— for example, an extension of time . . . it must be presented to the [contracting officer])"; *ECC CENTCOM Constructors, LLC*, ASBCA No. 60647, 18-1 BCA ¶ 37,133 at 180,713 ("[A] contractor contesting . . . a default termination due to excusable delay must submit a claim for a time extension before appealing to the Board"), *aff'd*, 779 F. App'x 750 (Fed. Cir. 2019); and *SupplyCore*, ASBCA No. 63057, 22-1 BCA ¶ 38,195 at 185,489 (granting unopposed motion to dismiss excusable delay count of a challenge to a termination for cause because the contractor never submitted an extension claim).

Heffler responds by denying the government's characterization that its complaint asserts excusable delay as a defense.

We need not parse the language of Heffler's pleadings because the government's motion is fundamentally flawed. The government does not merely seek dismissal of Heffler's defenses but the core appeal itself. Although the mechanics of our jurisdictional statute required Heffler to initiate the appeal, the default is a government claim that it bears the burden of proving. *Securiforce,* 879 F.3d at 1363 (explaining a default termination is a government claim); *Incircle Mgmt., Inc.*, ASBCA No. 62684, 23-1 BCA ¶ 38,442 at 186,841 (noting a default termination is a government claim that it bears the burden of proving justified); *Beechcraft Def. Co.*, ASBCA No. 59173, 14-1 BCA ¶ 35,592 at 174,395 (discussing the requirement that all Board appeals, whether from contractor or government claims, be the subject of a final decision appealed by the contractor). For the Board to possess jurisdiction over an appeal from the default there need only be a final decision terminating the contract, followed by a notice of appeal filed within 90 days of its receipt. *See* 41 U.S.C. §§ 7104(a), 7105(e)(1); *see also DCX-CHOL Enters., Inc.*, ASBCA Nos. 62453, 62454, 20-1 BCA ¶ 37,722 at 183,111 (recognizing Board jurisdiction over appeals from default terminations brought within 90 days of receipt). This appeal meets that test. Indeed, once Heffler commenced this appeal, we could have ordered the government to file the complaint, instead of Heffler, and outline the grounds for its default claim. *See Beechcraft*, 14-1 BCA ¶ 35,592 at 174,395-96. We have jurisdiction to adjudicate this matter whether Heffler raises any affirmative defenses or not. Now that the appeal is before us, the government must in the first instance carry its burden on the merits of proving the default. *See SupplyCore*, 22-1 BCA ¶ 38,195 at 185,488-89 (addressing at the outset whether the government has met its burden); *Goodloe Marine, Inc.*, ASBCA Nos. 62106, 62446, 22-1 BCA ¶ 38,053 at 184,774 (same).

None of the cases relied upon by the government deprive the Board of jurisdiction to adjudicate a government default claim because the contractor has not perfected the jurisdictional prerequisites for its affirmative defenses. Nor do they relieve the government for that reason from its burden of proving the default once appealed. Both *ECC CENTCOM* and *SupplyCore* show the opposite by exercising jurisdiction over the appeals and recognizing the government's initial burden to establish the default, before turning to whether the Board possessed jurisdiction to hear

2

the contractor's delay defenses.  *SupplyCore*, 22-1 BCA ¶ 38,195 at 185,488-89; *ECC CENTCOM*, 18-1 BCA ¶ 37,133 at 180,711.  Accordingly, the government's motion to dismiss the appeal for lack of jurisdiction is denied.[*]

        Dated:  February 13, 2024

 

MARK A. MELNICK
Administrative Judge
Armed Services Board
of Contract Appeals

I <u>concur</u>

OWEN C. WILSON
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I <u>concur</u>

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

---

[*] Given that our rejection of the government's motion to dismiss the appeal does not turn on a review of any defenses that might be described in Heffler's complaint, we express no opinion about them or whether we currently possess jurisdiction to entertain them.

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 63565, Appeal of Heffler Contracting Group, rendered in conformance with the Board's Charter.

Dated:  February 13, 2024

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals